UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DESHAWN L. DAVIS,                                                                          Petitioner,

v.                                                                    Civil Action No. 3:17-cv-P135-DJH

JAILER DANNY ALLEN,                                                                       Respondent.

\* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Deshawn L. Davis, an inmate at the Hardin County Detention Center, filed a

*pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing

fee.  In the petition, Davis advises that he is currently being held on orders by state authorities

and awaiting extradition.  On the § 2241 form, he marks that he is challenging pretrial detention

and a detainer.  He more specifically indicates that he is challenging a February 21, 2017,

"Decision of Release" in case numbers 05-T-03812 and 17-F-00214.  He reports that he did not

appeal the decision and that the instant § 2241 petition is the "First Time Filing Any Remedies."

As grounds for relief, Davis asserts excessive bail; "Being Treated as 'Guilty,' When No

Conviction Has Been Established"; the right to discovery; and defective warrant.  As relief,

Davis wants to be released from custody on his own recognizance "So That I May Travel To

Alabama To Protest These Alleged Charge."

The Court must undertake a preliminary review of the petition to determine whether "it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court."  Rule 4 of the Rules Governing § 2254 Cases.[1]  If the petitioner is not

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

entitled to relief, the petition must be summarily dismissed.  Upon review, the Court will summarily dismiss the § 2241 petition because Davis has not exhausted his state-court remedies.

To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action. *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 489-90 (1973); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). While § 2241 does not statutorily require petitioners to exhaust state remedies prior to bringing an action, the Supreme Court, nevertheless, has held that a petitioner must exhaust his state remedies before seeking pretrial habeas relief through a § 2241 petition in federal court. *Braden*, 410 U.S. at 489. The exhaustion requirement was born of the principles of comity and federalism. Although federal courts possess jurisdiction over pretrial petitions like the one currently under consideration, courts have recognized that they "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546.

> [The abstention] doctrine "preserves the role of the state courts in the application and enforcement of federal law.  Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, (the doctrine) preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.  It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts."

*Braden*, 410 U.S. at 490-91 (quoting Note, Developments in the Law Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970)).

2

Davis indicates in his § 2241 petition that he did not file an appeal of any trial court decision and concedes that the instant petition is his "First Time Filing Any Remedies."  For this reason, the petition must be dismissed without prejudice to allow the state courts to have the first opportunity to address any challenges he may be attempting to assert.

## Certificate of Appealability

Before Davis may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable.  Thus, a COA is not warranted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:   July 14, 2017

David J. Hale, Judge
United States District Court

cc:      Petitioner, *pro se*
         Respondent
         Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
            Frankfort, KY 40601

4415.005

4